IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MICHAEL KIDD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 114-144 |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Michael Kidd appeals the decision of the Acting Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

### I.  BACKGROUND

Plaintiff was born on February 10, 1961. Tr. ("R"), 126. He completed the ninth grade and had past relevant work as a construction worker, painter, yard worker, and furniture mover. R. 53, 156-58, 165, 173-76. He applied for DIB and SSI on November 21, 2011, alleging a

disability onset date of December 31, 2007. R. 126-37. The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R. 67-77, 80-89. Plaintiff then requested a hearing before the Administrative Law Judge ("ALJ"), R. 90, which was held on February 15, 2013. R. 37-66. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from Dr. Stephen Cosgrove, a Vocational Expert ("VE"). R. 37-66. On April 12, 2013, the ALJ issued an unfavorable decision. R. 17-36.

Applying the five-step sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since December 31, 2007, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* & 416.971 *et seq.*).

2. The claimant has the following severe impairments: osteoarthritis in the right hip, degenerative disc disease of the cervical and lumbar spine, and ulcers (20 C.F.R. §§ 404.1520(c) & 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity ("RFC") to perform less than the full range of light work[1] as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). The claimant can lift or carry up to 20 pounds occasionally and 10 pounds frequently. He can stand or walk for approximately 6 hours of an 8-hour

---

[1] "Light work" is defined as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567 & 416.967(b).

workday and sit for approximately 6 hours of an 8-hour workday with normal breaks. However, the claimant is limited to occasional pushing and pulling with the right lower extremity, frequent balancing and kneeling, and occasional stooping, crouching, crawling and climbing. The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

 5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including garment folder, small products assembler II, and office helper (20 C.F.R. §§ 404.1569, 404.1569(a), 404.1568(d), 416.969, 416.969(a), and 416.968(d). The claimant has not been under a disability, as defined in the Social Security Act, from December 31, 2007, through April 12, 2013 (the date of the ALJ's decision) (20 C.F.R. § 404.1520(g) and 416.920(g)).

R. 22-32.

When the Appeals Council ("AC") denied Plaintiff's request for review, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ did not properly analyze evidence of his right hip, back, and neck pain in evaluating Plaintiff's credibility. (See generally doc. no. 11, ("Pl.'s Br.").) The Commissioner maintains that the decision to deny Plaintiff benefits was supported by substantial evidence and should therefore be affirmed. (See generally, doc. no. 12 ("Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 401 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the

Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to

determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

**III. DISCUSSION**

Plaintiff contends the ALJ improperly discredited Plaintiff's testimony concerning his pain and limitations by (1) ignoring evidence that supported Plaintiff's testimony about his hip, back, and neck pain, and (2) relying too heavily on evidence concerning activities of daily living. (See generally Pl's Br., pp. 6-13.) The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980). As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it

cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted). The ALJ's detailed analysis of Plaintiff's credibility far surpasses this minimum standard.

Plaintiff testified that pain in his right hip, back, neck, and stomach render him unable to work. R. 24. The ALJ extensively discussed Plaintiff's treatment and determined that substantial evidence undermined his allegations of disabling pain and mental limitations, including: (1) objective and diagnostic medical evidence; (2) Plaintiff's minimal, conservative, and routine treatment for his conditions; and (3) Plaintiff's daily activities as stated in his function report, hearing testimony, and medical examinations. R. 28-30. These three reasons constitute substantial, explicit, and adequate evidence to discredit Plaintiff's subjective complaints of disabling pain.

First, the ALJ noted an x-ray taken in January 2013 suggested mild ileus and constipation in the transverse colon, moderate degenerative changes in the right hip, and only mild degenerative changes in the lumbar spine. R. 28, 432. The ALJ also explained that, although an x-ray taken on April 10, 2012 at a consultative examine with Dr. Reginald Brown revealed severe osteoarthritis of Plaintiff's right hip and mild degenerative disc disease of the lower lumbar spine, Dr. Brown's notes show little effect on Plaintiff's actual functioning. R. 28, 385-86. Indeed, Dr. Brown found that Plaintiff still had full range of motion in his right hip, with pain elicited. R. 28, 383, 387-89. Plaintiff asserts the 2012 x-rays are more accurate than the 2013 x-rays because the 2012 x-rays took two views of his low back and hips, while the 2013 x-ray was single-view x-ray of Plaintiff's abdomen.

6

(Doc. no. 13, "Pl's Reply," p. 3.) However, this ignores that Dr. Brown's examination found that Plaintiff's osteoarthritis and mild degenerative disc disease caused little effect on his functioning. In addition, the ALJ found that objective examinations often revealed Plaintiff's gait was steady and coordinated, his cranial nerves were intact, his extremities had full range of motion and no tenderness or edema, and he had no motor deficit or muscle weakness. R. 28, 280, 282-84, 291, 383, 387-89, 405-407, 412, 419, 429.

Second, the ALJ found Plaintiff's treatment for his back pain, hip pain, and ulcers was minimal, conservative, and routine, which suggested Plaintiff's pain was tolerable. R. 28. Indeed, the ALJ noted Plaintiff has not had hip or back surgery and, while he previously had surgery related to his ulcers, there is no evidence that he is currently a surgical candidate. R. 28, 248-72, 278-368, 382-91, 400-32. The Eleventh Circuit has stated "[a] doctor's conservative medical treatment for a particular condition tends to negate a claim of disability." Sheldon v. Astrue, 268 Fed. App'x 871, 872 (11th Cir. 2008). Additionally, the ALJ found (1) Plaintiff made few complaints pertaining to his hip pain prior to April 2012, and (2) no evidence that Plaintiff has sought any treatment for back or hip pain since April 2012, despite being provided with a list of free clinics. R. 28, 248-72, 278-368, 382-91, 400-32. As the ALJ explained, failure to seek treatment for a long period indicates tolerable pain and undermines allegations of disabling limitations (Tr. 28). See 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv) ("Factors relevant to your symptoms, such as pain, which we will consider include . . . [t]he type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms.)

Lastly, the ALJ properly considered that Plaintiff's daily activities were not consistent with his allegations of disabling symptoms. Plaintiff reported no problems with his personal

care, and he takes care of his puppy, cooks, cleans, mops, makes his bed, drives, goes to church, goes shopping in stores, and attends doctor's appointments. R. 54-56, 191, 205, 207, 217-20, 274-75, 289, 383.

The ALJ also found that Plaintiff's treatment records reveal he hurt his eye in 2012 piling tree limbs for a friend. R. 29, 56-57, 417. Plaintiff asserts this evidence is immaterial because he was merely helping a friend and was not being paid, (Pl.'s Br. at 11 n. 11.), but the ALJ properly found that Plaintiff's ability and willingness to perform this task, which required extended standing, walking, and moving about, diminishes the credibility of his disability allegations and is consistent with the ability to perform some light-level work. R. 28- 29. Although not dispositive, a claimant's activities may show that his condition is not as limiting as he alleged.

Plaintiff contends that "participation in everyday activities of short duration, such as housework or fishing," does not disqualify a claimant from disability. See Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). However, the ALJ did not rely solely on Plaintiff's daily activities to assess his credibility and determine Plaintiff's RFC. Rather, the ALJ also considered Plaintiff's medical records and expert opinions. R. 15-19. Moreover, Lewis prohibited relying solely on testimony of participation in everyday activities of short duration to reject a treating physician's opinion. An ALJ may still consider other activities of daily living in assessing a claimant's disability. See 20 C.F.R. § 416.929(c)(3)(i); SSR 96-7p, 1996 WL 374186, at *3; May v. Comm'r of Soc. Sec., 226 F. App'x 955, 958-59 (11th Cir. 2007); Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir. 1987).

In sum, the ALJ properly reviewed Plaintiff's allegations of total disability and properly found, based on substantial evidence, that Plaintiff's statements concerning the

8

intensity, persistence, and limiting effects of his symptoms were not consistent with the record.  See Holt, 921 F.2d at 1223; Foote, 67 F.3d at 1561-62; Dyer, 395 F.3d at 1210-11.

**IV.   CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 17th day of June, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA